UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| DENISHA L. BLANDENBURG, | ) | |
| Petitioner, | ) | Civil Action No. 5: 25-026-DCR |
| v. | ) | |
| WARDEN DAVID PAUL, | ) | **MEMORANDUM ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Denisha L. Blandenburg is incarcerated at the Federal Medical Center in Lexington, Kentucky. Proceeding without a lawyer, Blandenburg filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Brandenburg claims that the Federal Bureau of Prisons ("BOP") is failing to award her time credits she has earned pursuant to the First Step Act ("FSA"). [Record No. 1] Having been fully briefed, the matter is ripe for consideration.

The Court will deny Blandenburg's petition because she has not explained in any clear way how the BOP's calculations are incorrect. As the respondent has explained, Blandenburg's current release date is February 7, 2030, but she continues to earn FSA time credits that can be applied toward prerelease custody at a residential reentry center ("RRC") or through home confinement. [Record No. 6 at 2] In fact, as of last month, Blandenburg "had 595 days that could be applied toward placement at a[ ] RRC or home confinement," and her "most recent Best Case Scenario projections shows that she could earn up to 985 days of time credits toward RRC or home confinement placement." [*Id.* at 3] According to the respondent, this means that Blandenburg could be released to a RRC or home confinement as early as May 29, 2026. [*Id.*] While Blandenburg offers her own calculations [*see* Record No. 7 at 2], her submission is difficult to

-2-

follow and she has not demonstrated in an intelligible way how the BOP's comprehensive time credit assessment [Record No. 6-1 at 20-23] is wrong or otherwise inconsistent with applicable law.

While Blandenburg insists that she should immediately be placed on home confinement, her request is simply unavailing. Pursuant to 18 U.S.C. § 3624(c), the BOP has the discretion to determine Blandenburg's place of confinement. Thus, as this Court has recognized, "a prisoner is neither entitled nor guaranteed such placement for any minimum amount of time." *Schmutzler v. Quintana*, No. 5:19-cv-046-DCR, 2019 WL 727794, at *2 (E.D. Ky. Feb. 20, 2019); *see also* 18 U.S.C. § 3621(b) (giving the BOP the authority to determine where a prisoner is housed).

Accordingly, it is hereby **ORDERED** as follows:

1. Blandenburg's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Record No. 1] is **DENIED**;

2. All pending motions are **DENIED** as moot; and

3. This action is **DISMISSED** and **STRICKEN** from the Court's docket; and

Dated: April 24, 2025.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky